UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAIGE R.,

                              Plaintiff,

v.                                                          CASE # 20-cv-00867

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER          MELISSA M. KUBIAK, ESQ.
  Counsel for Plaintiff                                KENNETH R. HILLER, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              DANIELLA M. CALENZO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED**, the decision of the Commissioner is

**REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

## I.   RELEVANT BACKGROUND

### A.   Factual Background

Plaintiff was born on February 14, 1978, and has less than a high school education. (Tr. 283, 287). Generally, plaintiff's alleged disability consists of back issues, neck issues, fibromyalgia, depression, anxiety, bipolar, obsessive compulsive disorder (OCD), ADHD, thyroid issues, and brain issues. (Tr. 286). Her alleged onset date of disability is August 11, 2015, and her date last insured was December 31, 2016. (Tr. 283).

### B.   Procedural History

On April 10, 2017, plaintiff protectively applied for Supplemental Security Income benefits under Title XVI of the Social Security Act and Disability Insurance Benefits under Title II of the Social Security Act. (Tr. 260-267). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On April 4, 2019, plaintiff appeared before ALJ Benjamin Chaykin. (Tr. 35-68). On May 20, 2019, ALJ Chaykin issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 13-27). On May 15, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2.  The claimant has not engaged in substantial gainful activity since August 11, 2015, the alleged onset date (20 CFR 404.1571 *et seq* and 416.971 *et seq*.).

3.  The claimant has the following severe impairments: obesity; fibromyalgia; spine disorder; bilateral shoulder impingement syndrome; right shoulder degenerative joint disease; migraines; bilateral occipital neuralgia; personality disorder; posttraumatic stress disorder; affective disorder; and anxiety disorder. (20 CFR 404.1520(c) and 416.920 (c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(c), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: (1) occasional climbing of ropes, scaffolds or ladders; (2) occasional climbing of ramps or stairs; (3) occasional stooping, crouching, balancing, kneeling or crawling; (4) frequent overhead reaching; (5) no concentrated exposure to dangerous hazards such as unprotected heights or dangerous machinery; (6) limited to simple, routine tasks.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565and 416.965).

7.  The claimant was born on February 14, 1978 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 11, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-27).

.

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff argues the ALJ failed to include all limitations relating to her severe mental impairments and failed to evaluate whether a cane was medically necessary and should have been included in the RFC. (Dkt. No. 12 at 1 [Pl.'s Mem. of Law]).

### B.   Defendant's Arguments

Defendant responds that the ALJ properly determined plaintiff's mental and physical RFC. (Dkt. No. 14 [Def.'s Mem. of Law]).

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues the ALJ failed to incorporate any limitations relating to her severe impairments of personality disorder, PTSD, affective disorder and anxiety disorder into the RFC finding. (Dkt. No. 12 at 24). An RFC finding that fails to incorporate all of the claimant's limitations that are evidenced in the record is unsupported by substantial evidence. *See Rosario v. Colvin*, 2016 WL 2342008, at \*2-3 (W.D.N.Y. May 4, 2014) (remanding where ALJ failed to incorporate all of plaintiff's non-exertional limitations into the RFC finding). For the reasons below, this Court finds the mental RFC is not supported by substantial evidence and remand is appropriate.

Despite the litany of severe mental health impairments, the ALJ's only discussion of related limitations in the RFC finding analysis reads:

> "As discussed above, the record is consistent with moderate limitations in concentration and adaptation. As such, the undersigned has limited the claimant to simple and routine tasks."

While the ALJ was referencing his step 2 discussion under the paragraph B criteria, that analysis is not an RFC assessment but used to rate the severity of mental impairments at steps 2 and 3. The mental RFC assessment used at steps 4 and 5 requires a more detailed assessment. SSR 96-8p, 1996 WL 374184, at \*4. The ALJ specifically recites this in the final paragraph of the severity findings:

> "The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment."

At the severity step, when considering the functional categories under the B criteria, the ALJ found a mild limitation in understanding, remembering, or applying information as well as in interacting with others. (Tr. 20). The ALJ found moderate limitations in concentrating, persisting or maintaining pace and in adapting and managing oneself. (Tr. 20-21). Notably, the ALJ cited plaintiff's discharge from mental health treatment due to an instance of hostile behavior towards staff as evidence of moderate limitations in adapting or managing oneself, but cited the same incident as evidence of only mild limitations in interacting and relating with others. (Tr. 20-21).

Although the ALJ discussed evidence relevant to plaintiff's mental impairments at steps 2 and 3 of the sequential process, including treatment notes and findings from examining and non-examining medical sources, it is well-established that the analysis at those steps is analytically distinct from the RFC analysis, and the ALJ's discussion of evidence and functional limitations relating to plaintiff's mental impairments at step two did not relieve him of the obligation to further assess plaintiff's mental health impairment in the RFC portion of his decision. *Golden v. Colvin*, 2013 WL 5278743, *3-4 (N.D.N.Y. 2013) (ALJ erred where his decision "d[id] not reflect that he engaged in *any* further assessment of functional effects of [claimant's] mental impairments beyond determinations previously made at [s]teps 2 and 3 under the 'special technique' "; while the "special technique" applied at steps two and three may "relate[ ] to" the ALJ's mental RFC analysis, it is "entirely separate and analytically distinct from[ ] a *subsequent* determination of mental *residual functional capacity*[;] [s]tep 2 and [s]tep 3 findings regarding functional limitations stemming from mental impairments, while pertinent, do not suffice as a mental residual functional capacity determination") (emphasis in original).

Nor does the fact that the ALJ recognized this distinction otherwise cure his flawed RFC assessment. (*See* Tr. 21). Indeed, the ALJ never mentions the severe mental health impairments by

name and only briefly addresses two opinions related to mental health which were found not persuasive. The RFC portion of the ALJ's decision contained no discussion regarding whether plaintiff's personality disorder, PTSD, affective disorder or anxiety disorder caused functional limitations in the work setting, suggesting that the ALJ's statement at step three amounted to recitation of boilerplate language. *See*, *e.g.*, *Davis v. Saul*, 2019 WL 6682159, *4 (W.D.N.Y. 2019) ("other than baldly asserting that [claimant's] RFC 'reflects the degree of limitation [the ALJ] found in the ... mental function analysis,' the ALJ never made that 'more detailed assessment' [in the RFC analysis] – at least not in a way that permits review by this [c]ourt") (citation omitted).

The ALJ's failure to address plaintiff's mental impairments in the RFC analysis is not harmless. The ALJ found the plaintiff had multiple severe mental health impairments yet failed to explain how moderate limitations in two of the broad categories of functioning and mild in the other two categories affected the RFC determination beyond a single sentence identifying the limitations as simple, routine work. (Tr. 24). Remand is appropriate for the ALJ to consider addressing the mild and moderate mental functional limitations and whether they affect plaintiff's ability to perform work.

As mentioned above, plaintiff raises other contentions related to the physical portions of the ALJ's RFC determination. Because it has been found remand is otherwise warranted, the remainder of plaintiff's contentions are declined for review. *See, e.g., James M. v. Comm'r of Soc. Sec.*, 2020 WL 7121462, *7 (W.D.N.Y. 2020) ("[w]ith the remand ordered for [c]laimant's mental RFC, however, this [c]ourt need not address his physical RFC[;] [t]he ALJ may revisit this physical RFC finding during the remand on the mental RFC").

**ACCORDINGLY, it is**

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

GRANTED; and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 14) is

DENIED; and it is further

ORDERED that this matter is REMANDED pursuant to 42 U.S.C. § 405(g), for further

proceedings consistent with this Decision and Order.


Dated: January 6, 2023                    *J. Gregory Wehrman*
Rochester, New York                       HON. J. Gregory Wehrman
                                          United States Magistrate Judge